IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID HERNANDEZ,**<br><br>Petitioner,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>Respondent. | Case No. 1:13-cv-01252 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 14]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Galen N. Farris, Esq., of the Office of the Attorney General for the State of California.

**I.     BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, upon being convicted by a jury on July 2, 2008 of shooting at an occupied vehicle, two counts of making criminal threats, six counts of assault with a firearm, and a number of sentencing enhancements. (See Lodged Doc. No. 1.) On July 31, 2008, Petitioner was sentenced to an indeterminate state prison term of twenty-seven (27) years to life. (Id.)

On December 11, 2009, the California Court of Appeal, Fifth Appellate District,

remanded the matter to the trial court to determine whether a concurrent sentence should be imposed for the conviction of shooting at an occupied vehicle. The judgment was otherwise affirmed. (Lodged Doc. 2.) Review was denied by the California Supreme Court on February 18, 2010. (Lodged Docs. 3-4.)

On March 16, 2010, the trial court ordered concurrent sentences for the assault and shooting at an occupied vehicle convictions and issued an amended abstract of judgment. (Lodged Doc. 5.)

Petitioner appealed the March 16, 2010, amended judgment. The California Court of Appeal issued its opinion on June 6, 2011, and it remanded the matter for recalculation of Petitioner's custody credits. The judgment was affirmed in all other respects. (Lodged Doc. 6.)

Direct review was denied by the California Supreme Court on August 10, 2011. (Lodged Docs. 7-8.) After a hearing on September 27, 2011, a second amended abstract of judgment reflecting the recalculation of custody credits was filed. (Lodged Doc. 9.) Petitioner did not file an appeal.

Starting in October 2012, Petitioner filed three post-conviction collateral challenges with respect to his conviction in the state courts filed as follows:

1. Tulare County Superior Court
   Filed: October 28, 2012[1];
   Denied: November 7, 2012;

2. California Court of Appeal, Fifth Appellate District
   Filed: December 2, 2012[2];
   Denied: January 18, 2013;

3. California Supreme Court
   Filed: February 13, 2013[3];

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on November 5, 2012, the petition shall be considered filed on October 28, 2012, the date Petitioner signed the petition.

[2] Although the petition was filed on December 5, 2012, the petition shall be considered filed on December 2, 2012, the date Petitioner signed the petition.

[3] Although the petition was filed on February 21, 2013, the petition shall be considered filed on February 13, 2013, the date Petitioner signed the petition.

Denied: June 12, 2013;

(See Lodged Docs. 10-15.)

On August 6, 2013, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[4] On October 25, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, p.1.) Petitioner filed objections to the motion on November 18, 2013.

## II.  DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state

---

[4] Although the petition was filed on August 12, 2013, the petition shall be considered filed on August 6, 2013, the date Petitioner signed the petition.

remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on August 6, 2013 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal the operative judgment issued on September 27, 2011. Accordingly, his conviction became final 60 days later on November 26, 2011. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on November 27, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner filed a round of state habeas petitions commencing on October 28, 2012, and they ultimately were denied on June 12, 2013. Respondent concedes that Petitioner is entitled to tolling during the time the petitions were pending in state court and the reasonable gaps between filing. However, 336 days of the limitation period passed before the first state habeas petition was filed. Based on such tolling, 29 days of the limitations period remained when the final state petition was denied on June 12,

2013.

The limitations period expired on July 11, 2013, 29 days after the denial of Petitioner's California Supreme Court petition on June 12, 2013. Petitioner filed the instant petition on August 6, 2013, nearly a month after the limitations period expired. Accordingly, the petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In his objections to the motion to dismiss, Petitioner claims he is entitled to equitable tolling based on his lack of access to his legal files during a transfer of prisons from June 26 to July 10, 2013.

The Ninth Circuit has recognized that a petitioner's separation from his file and transcripts may provide a basis for equitable tolling. Id. (a complete lack of access to a legal file may constitute an extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (equitable tolling may be allowed if counsel withheld transcripts during limitations period).

Even assuming Petitioner is entitled to equitable tolling during the period in which he did not have his legal files, the petition is still untimely. Granting Petitioner an additional fourteen days of tolling for the period of time that he did not have his legal file would extend the expiration of the limitations period to June 27, 2013. Petitioner filed the instant petition over a week later, on August 6, 2013. Accordingly, the petition is untimely.

### III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is

entitled to the benefit of statutory and equitable tolling, however, his federal petition was still untimely filed. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 6, 2013    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

7